# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11012
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSICA LEANNE BRIDGES,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-215-1

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jessica Leanne Bridges appeals the sentence imposed following her conviction for conspiracy to possess with intent to distribute a controlled substance. She argues that the district court clearly erred in determining her guidelines range because it found that her "relevant conduct," *see* U.S.S.G. § 1B1.3, included drug amounts transported by two of her coconspirators.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11012

We review a district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). In the case of a jointly undertaken criminal endeavor, relevant conduct extends to the acts of others so long as those acts were "(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." § 1B1.3(a)(1)(B). Bridges and two other couriers transported methamphetamine from Waco, Texas, to Bridges's home in Glen Rose, Texas; she knowingly permitted the drugs to be stored, weighed, apportioned, and distributed from her home; and another conspirator routinely directed purchasers to the home; thus, Bridges, the couriers, and others engaged in a jointly undertaken criminal activity. *See* § 1B1.3(a)(1)(A), (B). Because the record plausibly supports that Bridges should be held accountable for the drug quantities smuggled by the other couriers, Bridges has shown no clear error. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015). In addition, the district court gave explicit reasons for its relevant conduct findings and adopted the presentence report and the addendum; thus, Bridges shows no error, plain or otherwise, in connection with her argument that the relevant conduct findings were inadequate. *See United States v. Carreon*, 11 F.3d 1225, 1231, 1236 (5th Cir. 1994).

AFFIRMED.